*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0019**

State of Minnesota,
Respondent,

vs.

Jeremy Jyrone White,
Appellant.

**Filed January 5, 2026**
**Reversed and remanded**
**Worke, Judge**

Chisago County District Court
File No. 13-CR-18-1120

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Janet Reiter, Chisago County Attorney, David Hemming, Assistant County Attorney, Center City, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, John Patrick Monnens, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Frisch, Chief Judge; Worke, Judge; and Cochran, Judge.

**NONPRECEDENTIAL OPINION**

**WORKE**, Judge

Appellant challenges his first-degree aggravated robbery conviction, arguing that the district court violated his constitutional rights by ordering him to submit a DNA sample under Minn. R. Crim. P. 9.02, subd. 2(1)(f). We reverse and remand.

## FACTS

In August 2017, at approximately midnight, a male called the front desk of a hotel in North Branch asking for a room for the night. Because the hotel's standard practice was to lock the front doors at 11:00 p.m., the male had to be buzzed in. The male pulled out a gun, pointed it at the employees, and demanded money. The male jumped over the desk, pulled the phone lines from the wall, and took money from the till before jumping back over the desk to leave the hotel.

During the investigation, law enforcement swabbed several areas of the hotel's front desk for DNA evidence because surveillance footage showed the suspect was not wearing gloves. Law enforcement also collected a post-it note that the suspect appeared to touch with his left hand. The evidence was sent to the Bureau of Criminal Apprehension (BCA) for forensic analysis. The DNA results came back without a suspect, but two fingerprints from the collected post-it note matched the fingerprints of appellant Jeremy Jyrone White. Law enforcement used the information from the fingerprint analysis to create a photo lineup with the two hotel employees. Both employees identified White as the man who robbed the hotel.

In December 2018, respondent State of Minnesota charged White with first-degree aggravated robbery. In December 2023, the state moved the district court to collect White's DNA under Minnesota Rules of Criminal Procedure 9.02, subd. 2(1)(f). No search warrant was requested. At the time the motion was granted, White was not represented by counsel because his previously appointed public defender had been discharged. Thus, there was no objection made to the state's motion. The district court granted the rule 9.02

motion, and law enforcement warrantlessly collected a buccal-swab sample of White's DNA. Both the latent fingerprints and White's DNA from the buccal swab were presented as evidence to the jury at trial. A jury found White guilty of first-degree aggravated robbery. White was sentenced to 48 months. This appeal followed.

## DECISION

### *Constitutionality of the DNA Collection*

White argues that the district court violated his constitutional rights by ordering the collection of his DNA without issuing the requisite search warrant supported by probable cause; thus, the DNA evidence obtained must be suppressed.

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. These provisions protect the "personal privacy and dignity against unwarranted intrusion by the [s]tate." *State v. Steeprock*, __ N.W.3d ___, ___, 2025 WL 3466647, at *4 (Minn. Dec. 3, 2025) (quotation omitted). Under Minnesota Rule of Criminal Procedure 9.02, subdivision 2(1)(f), a district court may permit the taking of a defendant's "blood, hair, saliva, urine, or samples of other bodily materials" if the sample will "materially aid in determining whether the defendant committed the offense charged." However, "[t]he warrantless collection of a buccal swab from a defendant pursuant to [r]ule 9.02, subdivision 2(1)(f) . . . is an unreasonable search that violates the United States and Minnesota Constitutions." *Steeprock*, 2025 WL 3466647, at *1. Thus, the procedural rule does not circumvent the warrant requirement. *See id.* at *6, *8. Unconstitutionally obtained evidence is prohibited from being used "in a criminal proceeding against the individual whose rights were violated." *Id.* at 8.

3

Here, the district court ordered, without a warrant, that the state may obtain White's DNA through a buccal swab pursuant to rule 9.02, subdivision 2(1)(f). This was a search violating the constitutional rights of White. Because White's constitutional rights were violated, the DNA evidence collected was inadmissible at the criminal trial.[1]

***Exception to the Exclusionary Rule***

The state argues that the good-faith exception to the exclusionary rule applies to this case. "Suppression of evidence is not required when an exception to the exclusionary rule applies." *Steeprock*, 2025 WL 3466647, at *9. A limited good-faith exception has been recognized as a valid exception to the exclusionary rule. *Id.* Under the good-faith exception, "the admission of illegally obtained evidence [is admissible] when investigators acted based on an objectively reasonable belief that their actions were lawful." *Id.* at *11. However, because Minnesota Rule of Criminal Procedure 9.02, subdivision 2(1)(f), "expressly states that all discovery orders are 'subject to constitutional limitations,'" the good-faith exception generally does not apply. *See id.* at *11 (quoting Minn. R. Crim. P., subd. 2(1)(f)).

---

[1] We note that the supreme court's decision in *Steeprock* was released after this case was appealed to us. However, in its predecessor case, *State v. Steeprock*, 10 N.W.3d 683, 687 (Minn. App. 2024), *aff'd*, 2025 WL 3466647, we also concluded that "[a] valid search warrant is required when the state takes a defendant's saliva sample under Minn. R. Crim. P. 9.02, subd. 2 (1), for the express purpose of determining whether the defendant's DNA was on a weapon involved in a crime." We remind the state that the supreme court does not vacate this court's precedential decisions while pending further review; "a precedential opinion of this court has immediate authoritative effect" to "promote consistency, predictability, and stability in the law." *State v. Chauvin*, 955 N.W.2d 684, 691 (Minn. App. 2021), *rev. denied* (Minn. March 10, 2021).

4

Here, the warrantless collection of White's DNA was unconstitutional. We follow the supreme court's holding in *Steeprock*:

> Even assuming without deciding that Rule 9.02, subdivision 2(1)(f), is equivalent to binding appellate precedent, the rule does not specifically authorize warrantless collection of DNA via buccal swab. ... We therefore conclude that the good-faith exception to the exclusionary rule does not apply to the circumstances of this case.

*Id.* (internal quotations omitted). Thus, the exclusionary rule applied, and the evidence of White's DNA that was unconstitutionally obtained should have been suppressed at trial.

### *Harmless Beyond a Reasonable Doubt*

We must also determine whether this constitutional error was harmless beyond a reasonable doubt. *See State v. McNeilly*, 6 N.W.3d 161, 189, (Minn. 2024). An error is harmless beyond a reasonable doubt if the jury's decision is "surely unattributable" to the error. *State v. Shoen*, 598 N.W.2d 370, 377 (Minn. 1999) (quotation omitted). "When determining whether a jury verdict was surely unattributable to an erroneous admission of evidence, [appellate courts] consider the manner in which the evidence was presented, whether it was highly persuasive, whether it was used in closing argument, and whether it was effectively countered by the defendant." *State v. Sanders*, 775 N.W.2d 883, 888 (Minn. 2009). DNA evidence can be "strong and persuasive to a jury." *State v. Garland*, 942 N.W.2d 732, 741 (Minn. 2020). "If the error implicating a constitutional right was not harmless beyond a reasonable doubt, then appellate courts will award a new trial." *Steeprock*, 10 N.W.3d at 700 (quotation omitted).

Here, while the state used three different methods to identify White to the jury, the DNA evidence was persuasive and central to the state's case. It would be impossible to conclude that the jury's verdict was not swayed by the DNA evidence obtained from White under the district court's rule 9.02 order. The error in admitting such evidence was not harmless beyond a reasonable doubt. Because we reverse and remand on this issue, we need not consider White's confrontation-clause-violation claim. *See In re Surveillance & Integrity Rev.*, 996 N.W.2d 178, 180 (Minn. 2023).

**Reversed and remanded.**